NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA, *Appellee,*

*v.*

HEATHER STILES ONEIL, *Appellant.*

No. 1 CA-CR 13-0311
FILED 5-8-2014

_____

Appeal from the Superior Court in Maricopa County
No. CR2012-125432-001
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

_____

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellees*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellants*

_____

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge John C. Gemmill joined.

_____

**H O W E**, Judge:

¶1        Heather Stiles ONeil appeals her conviction and imposition of probation for possession or use of marijuana, a class 1 misdemeanor. For the following reasons, we affirm.

**FACTS**

¶2        On May 16, 2012, at 2:47 a.m., Officer B patrolled the area of 32nd street in Phoenix. He saw a car that did not come to a complete stop and did not turn right into the closest lane. He initiated a traffic stop because the car's wide turn is a traffic violation and can indicate that a driver is under the influence of alcohol or drugs.

¶3        Officer B approached the car, advised the driver of the reason for the stop, and requested her identification. He discovered that the driver was ONeil, and when taking her identification, Officer B smelled the odor of alcohol. He asked ONeil if she had been drinking that night and she said that she had consumed three beers earlier.

¶4        Officer A responded to the scene and conducted a Horizontal Gaze Nystagmus test on ONeil and determined that she was not impaired. Meanwhile, Officer B determined ONeil's license was valid and found no outstanding warrants for her arrest. Officer A told Officer B that he did not suspect any impairment, and Officer B decided not to cite ONeil for traffic citations. Officer B then asked ONeil whether she had any drugs with her.  He testified that it took him four or five seconds to ask the question. She answered that she had marijuana in her purse.  Officer B then opened up the purse and found a bag containing marijuana.

¶5        ONeil was charged with possession or use of marijuana, a class 6 felony and pleaded not guilty. Before trial, ONeil moved to suppress the evidence discovered after the background check, arguing that the officer's question converted the encounter into an unlawful seizure. After an evidentiary hearing, the court denied the motion to suppress**.**

¶6        On the State's motion, the charge was designated as a misdemeanor. After a bench trial, the court found ONeil guilty of Possession or Use of Marijuana, a class 1 misdemeanor**.** She was placed on unsupervised probation for 18 months. ONeil timely appeals.

## DISCUSSION

**¶7**        ONeil argues that the trial court abused its discretion in denying her Motion to Suppress. Specifically, she argues that Officer B measurably extended the duration of the traffic stop by asking her if she had any drugs in her possession before he concluded the traffic stop.

**¶8**        In reviewing the denial of a motion to suppress, this Court defers to the trial court's factual determinations, but reviews de novo the ultimate ruling as a conclusion of law. *State v. Box*, 205 Ariz. 492, 495 ¶ 7, 73 P.3d 623, 626 (App. 2003). The Fourth Amendment bars unreasonable searches and seizures. *Maryland v. Buie*, 494 U.S. 325, 330 (1990). A lawful stop may occur when a vehicle is pulled over for a traffic violation. *Arizona v. Johnson*, 555 U.S. 323, 333 (2009). A temporary seizure of the driver remains reasonable for the duration of the stop, which ends when the officers have no further need to control the scene. *Id*. "An officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop." *Id*.

**¶9**        Officer B had reasonable suspicion to stop ONeil for traffic violations and to investigate whether she was impaired, which ONeil does not contest. After determining that ONeil was not impaired, he asked her one question: whether she possessed any drugs. A police officer may ask questions unrelated to the initial justification for the stop, so long as the questions do not "measurably extend" the duration of the stop. Officer B only asked one question, which lasted "four or five seconds." Because this time period did not measurably extend the duration of the traffic stop, it did not convert the encounter into an unlawful seizure. *See Box*, 205 Ariz. at 498 ¶ 21, 73 P.3d at 629.

## CONCLUSION

**¶10**        Finding no error, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: MJT